## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**CHRISTOPHER N. WIELAND,**

                  **Plaintiff,**

**v.**                                         **Case 2:22-cv-02652-TLP-cgc**

**GERMANTOWN POLICE DEPARTMENT**
**FRATERNAL ORDER OF POLICE (FOP)**

                  **Defendant.**

---

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Before the Court is Defendant Germantown Police Department's ("Defendant") Motion to Dismiss Complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry (D.E.) #12).  Pursuant to Administrative Order 2013-05,[1] the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.  For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I.       **Introduction**

On September 26, 2022, Plaintiff Christopher Wieland ("Plaintiff") filed a *pro se*

Complaint alleging violations of "18 U.S. Code § 1341, 18 U.S. Code Chapter 47, 18 U.S. Code §

1201, 18 U.S. Code § 242, 10 U.S. Code § 897, 25 CFR § 1404, § 606.19, and 28 U.C. Code §

4101." [2] (Comp. ¶ 14.) (D.E. #1).

Plaintiff alleges that "This occurrence, arrest, and transport to Lakeside Behavioral Health

Systems . . . led to financial and physical damages to [his] person as well as punitive damages."

(*Id.* ¶ 12.) (D.E. #1). Specifically, Plaintiff alleges that the "events took place at the police station

prior to my arrest as well as in a parking lot across the street from the Germantown Police

Department . . . at about 1:30am on July 21." (*Id.*  ¶ 2.) (D.E. #1). Plaintiff does not specify the

exact time in which his interaction with the Germantown Police Department began, however, the

police report filed by the Plaintiff, written by Officer Olberding with the Germantown Police

Department, states a time of 3:00 p.m. on July 21, 2022. (D.E. #1, PageID 13-14). Plaintiff asserts

that he visited the Germantown Fire Department and voiced his concerns about common problems

in the neighborhood which included, "police corruption, castrating dental sequences & cranial

facial morphology, middle age women drugging male children, embezzlement, my litigious intent,

and the natural technology of the human body." (*Id.* ¶ 3.) (D.E. #1). Plaintiff claims that while

discussing these topics with the crew that Lt. N. Signaigo[3] became aggravated which led to "a

passive-aggressive retaliatory act of falsifying a police report and/or complaint." (*Id.* ¶ 3.) (D.E.

#1). Plaintiff asserts that Lt. Signaigo "preceded to create his own version of events to pass on to

---

[2] Plaintiff specifically lists the following as causes of action in his complaint: "Falsifying Police Report,
Corruption, Abuse of Power & Position, Dereliction of Duty, Discriminatory Policing, Fraud & Swindle, Cronyism,
Defamation."
[3] Plaintiff incorrectly referred to him as "Lieutenant N. Signaige" in the Complaint. Lt. N. Signaigo works
for the Germantown Fire Department.

his friends at the Germantown Police Department to create a retaliation against my person." (*Id.* ¶ 3.) (D.E. #1). Following this police report filed by Lt. Signaigo, Plaintiff claims he was taken to Lakeside "under duress" and did not voluntarily choose to go. (*Id.* ¶ 4.) (D.E. #1). Plaintiff contends that the police report by Officer Olberding and Officer Toler is "ludicrous" and that "regardless of [his] demeanor, actions, lack of criminal history, the officers decided to unlawfully arrest my person on their friend's [Lt. Signaigo's] hearsay."

On November 2, 2022, Defendant filed a Motion to Dismiss of the Germantown Police Department. (D.E. #12). Defendant argues as follows: (1) Court lacks subject-matter jurisdiction; (2) Germantown Police Department is not a separate legal entity subject to suit; (3) the Complaint is devoid of any factual allegations demonstrating that Plaintiff's civil rights have been violated as a direct result of a municipal policy or custom; and (4) the City has not been served with process. (D.E. #12). Because Plaintiff failed to respond to the Motion to Dismiss within twenty-eight (28) days of filing an Order to Show Cause (D.E. # 23) was entered on June 8, 2023. To date, Plaintiff has not responded to the Order to Show Cause.

## II.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When addressing a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555). Still, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also

not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed.

Appx. 836, 837 (6th Cir. 2003). A plaintiff with no facts and "armed with nothing more than

conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### III.    Proposed Conclusions of Law

####     a.    *Lack of Subject-Matter Jurisdiction*

Article III, Section II of the Constitution limits the jurisdiction of federal courts to cases

and controversies. Federal courts must determine that they have jurisdiction before proceeding to

the merits of a case *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95. (1998).

Subject-matter jurisdiction can be established through diversity jurisdiction or federal question

jurisdiction. Title 28 U.S.C. § 1332(a)(1) states:

> **(a)** The district court shall have original jurisdiction of all civil actions where the matter in
> controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is
> between —
>     **(1)** citizens of different States;

28 U.S.C. § 1332(a)(1). Furthermore, all the defendants must be completely diverse from all the

plaintiffs for federal jurisdiction based on diversity. *Strawbridge v. Curtiss*, 7 U.S. 267, 267.

(1806). It is the plaintiff's burden to prove that the parties are completely diverse. Federal

jurisdiction can also be established through a federal question. "Federal-question jurisdiction exists

when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir.

2020). Section 1331 states, "The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether

a cause of action arises under federal law must be apparent from the face of the well-pleaded

complaint." *Id.*

### i. *Diversity Jurisdiction*

Upon filing of the complaint, Plaintiff does not allege his citizenship or domicile of any of the parties in this matter. There is nothing in the complaint which states the citizenship or domicile of Plaintiff aside from the hastily scribbled last known address (currently transient) on the last page listed as "5556 Lake Otis Prky H169, Anchorage, AK 99507." Plaintiff also lists an alternative address as "Quality Inn & Suites, Germantown North, 7787 Wolf River Blvd., Germantown, TN 38138." Plaintiff's address is listed, on the Docket Record, as 2095 Exeter Road, Suite 80, Box 301, Germantown, TN 38138. A plaintiff must demonstrate the factual basis upon which diversity jurisdiction is predicated. Absent that, Plaintiff fails to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction. See *Farmer v. Fisher*, 386 Fed. Appx. 554, 557 (6th Cir. 2010). Thus, it is recommended that this Court lacks diversity jurisdiction.

### ii. *Federal-Question Jurisdiction*

The Plaintiff contends that the following statutes apply:

18 U.S. Code § 1341 – Frauds and Swindles
18 U.S. Code Chapter 47 – Fraud and False Statements
18 U.S. Code § 1201 – Kidnapping
18 U.S. Code § 242 –Deprivation of rights under color of law
10 U.S. Code § 897 – Unlawful detention
25 C.F.R. § 11.404 – False Imprisonment
§ 606.19 – Dereliction of Duty (Withdrawn by Plaintiff)
28 U.S. Code § 4101 – Definitions

(Compl. ¶ 10.) (D.E. #1). Title eighteen of the United States Code § 1341 is titled "Frauds and swindles." This is a criminal statute regarding mail fraud. This is a criminal statute and does not create a private right of action. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1175–76 (6th Cir. 1979). The Plaintiff "possesses no private right of action against [Defendant] for alleged violations of

those criminal statutes," and, "as a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of [Defendant] for [their] alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004). "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." *Hayes v. Cowans*, No. 2:14-CV-02366-STA-dkv, 2014 WL 2972298 at *9 (W.D. Tenn. July 2, 2014) (citing *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-CV-00264, 2012 WL 610191, at *4 (M.D.Tenn. Feb. 24, 2012).

Title eighteen of the United States Code Chapter 47 is titled "Fraud and False Statements" and contains sections 1001–1040. All sections in this chapter are criminal statutes. Criminal statutes do not create a private right of action. "Chapter 47 contains no other language [and] does not provide a private action or private remedy to private citizens." *Vogt v. Hartery*, No. 1:20-CV-279, 2021 WL 6884866 (N.D.W. Va. Mar. 18, 2021). Additionally, title eighteen of the United States Code § 1201 and § 242 are criminal statutes and do not create a private right of action. *Horan v. McGee*, No. 1:21-CV-01102-JDB, 2022 WL 2525349 at *6 (W.D. Tenn. June 13, 2022); *Collins v. First Tenn. Bank*, No. 06-2762-B/V, 2007 WL 896085 at *2 (W.D. Tenn. Mar. 22, 2007). Title ten of the United States Code is only applicable to the military. Section 897 is cited in chapter forty-seven entitled Uniform Code of Military Justice. Therefore, § 897 is not relevant to the Plaintiff's case. Title twenty-five of the Code of Federal Regulations applies the governance of criminal offenses against Indians. Specifically, § 11.404 is only applicable to the false imprisonment of Indians and does not apply to the case at hand. Finally, title twenty-eight of the United States Code § 4101 "merely defines 'defamation' in the context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of action conferring federal-question jurisdiction." *Parker v. Hankook Tire Mfg. Tenn.*, No. 3:22-CV-00063, 2022 WL 4545120 at *8 (M.D. Tenn. Sept. 28, 2022). Because these statutes are either criminal, apply only

to the military, or specifically apply to Indians, Plaintiff has not alleged a private action to establish federal-question jurisdiction. Therefore, it is recommended that this Court lacks federal-question jurisdiction.

### b. *Failure to State a Claim*

Rule 12(b)(6) of the Federal Rules of Procedure provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). A plaintiff's complaint must contain enough facts to state a claim for relief that is plausible on its face to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when its allegations permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a legal claim, supported by mere conclusory statements, is insufficient to state a valid claim. *Id*. The court must accept all the factual allegations alleged in the complaint as true in favor of the plaintiff when considering a motion to dismiss. However, a court should dismiss a complaint that amounts to "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Specifically, the 6th Circuit has stated, "To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recover under some viable legal theory.'" *Smith v. General Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021).

Here, Plaintiff has made many allegations including "Falsifying Police Reports, Corruption, Abuse of Power & Position, Dereliction of Duty, Discriminatory Policing, Fraud & Swindle, Cronyism, [and] Defamation." (*Id.*) (D.E. #1). However, Plaintiff has failed to state any of these claims under a viable legal theory. None of the statutes or regulations stated by Plaintiff

create a private action by which relief can be granted. Therefore, it is recommended that Plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, Germantown Police Department cannot be sued as a separate entity because "The Police Department and the Fire Department are only departments or agencies of the City, and they are not persons or autonomous government entities suable under § 1983 separate from the City." *Bunch v. City of Chattanooga*, No. 1:07-cv-73, 2007 WL 9734290 (E.D. Tenn. June 27, 2007). Therefore, it is recommended that Plaintiff's claim against the Germantown Police Department fail as a matter of law.

### c. *Insufficient Process*

Courts can dismiss a case for insufficient process under Fed. R. Civ. P. 12(b)(5). Rule 4(j)(2) states the following:

> **(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT**.
> . . .
> **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Tennessee Rules of Civil Procedure Rule 4.04(8) states:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> . . .
>> **(8)** Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Here, according to the Declarations of Michael A. Palazzolo[4] and John R. McCarroll, III,[5] at no time did any of the Defendants authorize, appoint, or grant permission to any City of Germantown employee to accept service of process on behalf of the City of Germantown. (Decl. of Michael A. Palazzolo, ¶ 8) (D.E. #12-1); (Decl. of John R. McCarroll, III, ¶ 7) (D.E. #12-2). It is recommended that since service of process was not delivered to Germantown's chief executive officer or to the City Attorney, service of process was insufficient.

## IV.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that all of Plaintiff's claims be DISMISSED.

**SIGNED** this 26th day of June, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[4] Michael A. Palazzolo is the Mayor of the City of Germantown, Tennessee.
[5] John R. McCarroll, III is the City Attorney for the City of Germantown, Tennessee.