IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GERMANTOWN POLICE DEPARTMENT ) <br> and FRATERNAL ORDER OF POLICE OR ) <br> (FOP), ) <br> ) <br> Defendants. ) | No. 2:22-cv-02652-TLP-cgc |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING PENDING MOTIONS AS MOOT**

Plaintiff Christopher N. Wieland sued Defendant Germantown Police Department pro se in September 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters. Defendant moved to dismiss about one month later. (ECF No. 12.)

Judge Claxton considered Defendant's motion and entered a Report and Recommendation ("R&R"). (ECF No. 26.) In her R&R, Judge Claxton recommends that this Court grant Defendant's motion to dismiss. (*See id.*) For the reasons discussed below, the Court agrees with Judge Claxton's analysis and conclusions and therefore **ADOPTS** her R&R. As a result, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 13) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

1

**BACKGROUND**

Plaintiff's complaint against Defendant stems from his arrest by and interactions with the Germantown Police—a government entity in Shelby County, Tennessee—in July 2022. (ECF No. 1 at PageID 1.) Before his arrest, Plaintiff contends he spoke for almost an hour with members of the Germantown Fire Department "outside of the fire station about a few commonly occurring problems in the community[.]" (*Id.* at PageID 2.) "The subject matter included police corruption, castrating dental sequences & cranial facial morphology, middle age women drugging male children, embezzlement, my litigious intent, and the natural technology of the human body." (*Id.*) Plaintiff contends this led Lt. N. Signaigo to file "a passive-aggressive" and false "police report and/or complaint." (*Id.*) According to Plaintiff, Lt. Signaigo then created "his own version of events to pass on to his friends at the Germantown Police Department to create a retaliation against my person." (*Id.* at PageID 3.)

After Lt. Signaigo filed this report, Plaintiff alleges that Germantown Police officers "approached" him. He was then allegedly "briefly questioned before being arrested and transported to" Lakeside Behavioral Health System ("Lakeside")—a mental health clinic also in Shelby County, Tennessee. (*Id.*) He also contends that he was taken to Lakeside "under duress" and without his consent. (*Id.*) And he claims the police report about this arrest is "ludicrous," adding "regardless of [his] demeanor, actions, lack of criminal history, the officers decided to unlawfully arrest my person on their friend's [Lt. Signaigo's] hearsay." (*Id.* at PageID 6.)

These events led Plaintiff to sue Defendant. Plaintiff's complaint alleges violations of "18 U.S. Code § 1341, 18 U.S. Code Chapter 47, 18 U.S. Code § 1201, 18 U.S. Code § 242, 10 U.S. Code § 897, 25 CFR § 1404, § 606.19, and 28 U.C. Code § 4101." (*Id.* at PageID 8.) He also lists these causes of action: "Falsifying Police Report, Corruption, Abuse of Power &

Position, Dereliction of Duty, Discriminatory Policing, Fraud & Swindle, Cronyism, Defamation." (*Id.* at PageID 1.) Defendant then moved to dismiss Plaintiff's complaint, arguing: (1) the Court lacks subject-matter jurisdiction; (2) Defendant is not a separate legal entity subject to suit; (3) Plaintiff does not allege facts demonstrating Defendant's municipal policy or custom violated his civil rights; and (4) Plaintiff did not serve Defendant with process. (*See* ECF No. 12.) Plaintiff did not timely respond to that motion. So Judge Claxton ordered Plaintiff to show cause "as to why the Court should not consider the Motion on the record before it" and recommend granting Defendant's motion. (ECF No. 23.) Plaintiff did not respond to that order.

### **THE R&R**

After recounting the factual and procedural history here, Judge Claxton analyzed the parties' legal positions and recommended that this Court grant Defendant's motion to dismiss. (*See* ECF No. 26.) First, Judge Claxton correctly noted that federal courts must have subject-matter jurisdiction over a plaintiff's claims before it can consider the merits of those claims. (*Id.* at PageID 98.) That is, federal courts must have either diversity jurisdiction or federal question jurisdiction. Because "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter[,]" Judge Claxton recommends that this Court lacks diversity jurisdiction. (*Id.* at PageID 99.) Judge Claxton also found that this Court lacks federal question jurisdiction because the statutes he cites are either criminal, apply only to the military, or apply to Native Americans. (*Id.* at PageID 100–01.)

Next, Judge Claxton noted the correct legal standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 101.) Under that standard, Judge Claxton then addressed Plaintiff's complaint. She notes Plaintiff's various grievances against Defendant

including "Falsifying Police Reports, Corruption, Abuse of Power & Position, Dereliction of Duty, Discriminatory Policing, Fraud & Swindle, Cronyism [and] Defamation." (*Id.*)  Because these complaints by Plaintiff fail to state claims "under a viable legal theory[,]" and because "[n]one of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted[,]" Judge Claxton recommends dismissing the case under Rule 12(b)(6).  (*See id.* at PageID 101–02.)

Finally, Judge Claxton notes the correct legal standard for properly serving process on a defendant under Rule 12(b)(5).  (*Id.* at PageID 102.)  And because Plaintiff did not serve process on "Germantown's chief executive officer or to the City Attorney," Judge Claxton found that "service of process was insufficient."  (*Id.* at PageID 103.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews an R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Claxton entered her R&R in late June 2023, and Plaintiff did not object.[1]  In

---

[1] After Judge Claxton entered her R&R, Plaintiff filed two documents.  He titled the first his "Motion to Disqualify Opposing Counsel," and he argued there that Defendant's counsel violated two of the American Bar Association's Model Rules of Professional Conduct.  (*See* ECF

4

fact, the time to do so has now passed. The Court therefore reviews the R&R (ECF No. 25) for clear error.

**DISPOSITION**

Like Judge Claxton, for the reasons below, this Court finds that Plaintiff's complaint should be dismissed.

**I.      Failure to Establish Subject-matter Jurisdiction**

Plaintiff has not shown that this Court has subject-matter jurisdiction to hear his case. "Federal courts have subject-matter jurisdiction where there is complete diversity of citizenship." *Akno 1010 Mkt. St. St. Louis Mo LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing 28 U.S.C. § 1332(a)). And § 1331 "grants federal district courts subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006).

As Judge Claxton noted, "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter." (ECF No. 26 at PageID 99.) Section 1332 "authorizes a federal court to take diversity jurisdiction over a civil action only if the action is between 'citizens of different states.'" *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010). Because Plaintiff does not allege in his complaint the citizenship of the parties here, the Court agrees with Judge Claxton

---

No. 27.)  He titled his second document as his "Statement of Applicable Federal Statute for Standing," arguing only that he "has standing under . . . '42 U.S. Code § 1983 – Civil action for deprivation of rights.'"  (*See* ECF No. 28.)

Neither of these filings explicitly objects to Judge Claxton's R&R.  Instead, they are "objections disputing the correctness of the [magistrate judge's] recommendation but fail[] to specify the findings believed to be in error . . . ." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  When that happens, the district court treats a party's objections as a general objection to the entire magistrate judge's report. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  And "[a] general objection is considered the equivalent of failing to object entirely." *Id.*  Either way, the Court reviews the R&R for clear error.

5

that he has failed "to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction." (ECF No. 26 at PageID 99 (citing *Farmer*, 386 F. App'x at 557).)

Nor can Plaintiff prove that this Court has federal question jurisdiction to hear his claim. First, he lacks standing to bring a claim against Defendant under the criminal statutes he cites in his complaint. (ECF No. 1 at PageID 8.) This is because Plaintiff is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff may bring allegations of criminal behavior to his local police, the FBI, or another appropriate law enforcement agency, but only the government, in coordination with a law enforcement agency, can initiate a criminal case. *See id.*

Second, Plaintiff lacks standing to bring a claim against Defendant under 10 U.S.C. § 897 as that title applies only to the United States military. (*See* ECF No. 1 at PageID 8; ECF No. 26 at PageID 100.) Third, Plaintiff lacks standing to bring a claim against Defendant under 25 C.F.R. § 11.404 as that section applies only to American Indians. (*See* ECF No. 1 at PageID 8; ECF No. 26 at PageID 100.) Finally, Plaintiff cites 28 U.S.C. § 4101 as the jurisdictional basis for his defamation claim. (ECF No. 1 at PageID 8.) But that statute merely defines "defamation" in the "context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of action conferring federal question jurisdiction." *Parker v. Hankook Tire Mfg. Tenn., LP*, 2022 WL 4545120 (M.D. Tenn. Sept. 28, 2022).

As Judge Claxton explains "[b]ecause these statutes are either criminal, apply only to the military, . . . specifically apply to [American] Indians[,]" or do not otherwise create a private

6

right of action, "Plaintiff has not alleged a private action to establish federal-question jurisdiction." (ECF No. 26 at PageID 100–01.) As a result, the Court lacks subject-matter jurisdiction here.

## II. Failure to State a Claim

This Court also agrees with Judge Claxton that Plaintiff's complaint fails to state a claim upon which relief can be granted. (*See id.*) Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for such a failure. *See* Fed. R. Civ. P. 12(b)(6). And courts assess whether a complaint states a claim using standards from *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Court agrees with Judge Claxton's analysis on this point:

> Plaintiff has made many allegations including "Falsifying Police Reports, Corruption, Abuse of Power & Position, Dereliction of Duty, Discriminatory

7

>Policing, Fraud & Swindle, Cronyism, [and] Defamation." However, Plaintiff has failed to state any of these claims under a viable legal theory. None of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted. . . .
>
>Furthermore, Germantown Police Department cannot be sued as a separate entity because "The Police Department and the Fire Department are only departments or agencies of the City, and they are not persons or autonomous government entities suable under § 1983 separate from the City."

(ECF No. 26 at PageID 101–02 (internal citations omitted)); *see also Bunch v. City of Chattanooga*, No. 1:07-cv-73, 2007 WL 9734290 (E.D. Tenn. June 27, 2007). And so, Plaintiff has failed to state a claim under Rule 12(b)(6).

## III.     Service of Process

Finally, this Court agrees with Judge Claxton that dismissal here is warranted under Rule 12(b)(5). A court may dismiss a complaint for "insufficiency of service of process" under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). It is the plaintiff's burden to have the summons and complaint timely served on a defendant under Rule 4. *See* Fed. R. Civ. P. 4. "Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden." *See Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015)).

Rule 4(j)(2) provides how a plaintiff should serve a state or local government like Defendant here:

>A state, a municipal corporation, or any other state created governmental organization that is subject to suit must be served by:
>   (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>   (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B).

8

Defendant here is a governmental organization in Tennessee. So under Federal Rule 4(j)(2)(B), Plaintiff may also serve process under Tennessee Rules of Civil Procedure Rule 4.04:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> . . . .
>
> > (8) Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Tenn. R. Civ. P. 4.04(8).

Based on affidavits of Michael A. Palazzolo—the Mayor of Germantown, Tennessee, and John R. McCarroll, III—the City Attorney for Germantown, Judge Claxton found that service of process was insufficient. (*See* ECF No. 26 at PageID 103 (citing ECF Nos. 12-1, 12-2).) Relying on those affidavits, Judge Claxton writes "at no time did . . . Defendant[] authorize, appoint, or grant permission to any City of Germantown employee to accept service of process on behalf of the City of Germantown." (*Id.*) The Court agrees with Judge Claxton that Plaintiff did not properly serve process on Defendant under either the federal or Tennessee rules of civil procedure.

Rule 4(m) gives plaintiffs ninety days to serve process, but that Rule also allows courts to enlarge that time:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)). More than ninety days has passed since Plaintiff sued here, and he has not asked for an extension much less shown good cause for this failure. But even if the Court gave him more time to serve Defendants, such service would be futile for the reasons

9

discussed above. And so the Court will not extend Plaintiff's time to serve Defendant with process, nor will it dismiss Plaintiff's action *without* prejudice.[2] *See Tagert v. Anakeesta, LLC*, No. 3:19-cv-294, 2021 WL 6427962, at *3 (E.D. Tenn. Aug. 25, 2021) (denying the plaintiff's motion to amend and motion for extension of service of process when the allegations in the plaintiff's proposed amended complaint did not cure jurisdictional defects).

## CONCLUSION

The Court has reviewed Judge Claxton's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R, **GRANTS** Defendant's motion to dismiss, and **DISMISSES** Plaintiff's claims against Defendants Germantown Police Department and Fraternal Order of Police **WITH PREJUDICE**. Because the Court dismisses the claims against Defendants now, the Court also **DENIES AS MOOT** Plaintiff's motions filed after Judge Claxton's R&R (ECF Nos. 27, 28) and Plaintiff's pending Motion & Cause to Consolidate (ECF No. 25).

**SO ORDERED**, this 31st day of July, 2023.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also sued the Fraternal Order of Police ("FOP"), another entity from the City of Germantown. (*See* ECF No. 1.) But to date, no return summons has been filed. For the same reasons the Court will not give Plaintiff more time to serve Germantown, the Court will not extend his time to serve the FOP.